Alexander SZOSTAK, Petitioner,

v.

**RAILROAD RETIREMENT BOARD,**
Respondent.

No. 139, Docket 30569.

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1966.

Decided Dec. 2, 1966.

Alexander Szostak, pro se.

Dale Zimmerman, Chicago, Ill. (Myles F. Gibbons, Gen. Counsel, David B. Schreiber, Associate Gen. Counsel, Railroad Retirement Board, Chicago, Ill.) (Louis Turner, Chicago, Ill., of Counsel), for respondent.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

FRIENDLY, Circuit Judge:

On October 31, 1962, petitioner Alexander Szostak, then a 46 year old mental patient in the Central Islip State Hospital on Long Island, applied to the Railroad Retirement Board for the insurance annuity payable by statute to the child of a covered employee; he asserted he had permanent mental and physical impairments, beginning before he attained the age of 18, "such that he is unable to engage in any regular employment." 45 U.S.C. § 228e(c) and $l(1)$ (ii). The Bureau of Retirement Claims sent him a Notice of Insurance Annuity Award at the hospital on March 26, 1963. The Notice stated that he had been awarded an annuity of $28.90

a month, two-thirds of his father's "basic amount," starting October 1, 1961. The annuity began at that date rather than the earlier date, September 1, 1954, when coverage was extended to him, 68 Stat. 1039 (1954), because 45 U.S.C. § 228e(j) provides that an annuity "shall begin with the month in which eligibility therefor was otherwise acquired, but not earlier than the first day of the twelfth month before the month in which the application was filed." The Notice included a statement that Szostak could appeal to the Board's Appeals Council but that this must be filed within a year from the date shown thereon. Although Szostak wrote a number of letters about his annuity during the one-year period, including an acknowledgment of receipt of the Notice of Award, he did not file an appeal until February 1965; he then asserted that he had never seen the Notice of March 26, 1963, a point on which he was corroborated by a letter from the Director of the Hospital stating that the Notice had been held in the business office, and that he had been unaware of his right to an administrative appeal. The Appeals Council denied the appeal as untimely. On further appeal the Board sustained the Council but also held that failure to reopen the claim would not result in any wrongful denial of benefits since it had no authority to consider the application of a mental incompetent as having been filed at the earliest date permitted by law or to recompute the annuity on the basis of present-day wage rates as Szostak asked. This petition to review followed.

■ The final decision of the Board is the only order before us. The relevant section of the Railroad Retirement Act, 45 U.S.C. § 228k, provides, with an exception not here material, that judicial review shall be "subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act," and that Act, 45 U.S.C. § 355(f), limits review to final decisions of the Board made "after all administrative remedies within the Board have been availed of and exhausted." This proposition, rather obvious from mere reading of the statute, is confirmed by the case law. Shelley v. Railroad Retirement Board, 185 F.2d 239 (9 Cir. 1950); Mahoney v. Railroad Retirement Board, 194 F.2d 752, 754 (7 Cir. 1952); Gregory v. Railroad Retirement Board, 201 F.2d 52 (6 Cir. 1952).[1]

■ We are by no means certain that if the issue were squarely presented, we would hold invalid an ironclad bar of intra-agency appeals not taken within a year. There would be particular question whether such a regulation should be held invalid as here applied to a petitioner who, although known to the Board to be in a mental hospital, displayed assiduity in conducting his affairs with the Board, knew the amount and starting date of the Bureau's award, and could readily have inspected the Notice—as, indeed, there is some evidence that he did. Other agencies administering programs like that here at issue, such as the Social Security Act, have regulations permitting a reopening for good cause after the lapse of the time for appeal, and the action of the Board here suggests that it also may do so in practice. We have held that where an agency has a regulation to that end refusal to reopen is reviewable for abuse of discretion, Cappadora v. Celebrezze, 356 F.2d 1, 5–6 (2 Cir. 1966); accord, Langford v. Flemming, 276 F.2d 215 (5 Cir. 1960), and the same principle would seem applicable where an agency commonly affords such relief without one. We are not persuaded by the Board's contention that it would not come under this principle because § 2(a) (1) of the APA excludes from the operation of that statute (except for § 3), "agencies composed of representatives of the parties or rep-

---

1. Even if the order of the Bureau of Retirement Claims could be reviewed, the one-year period provided by 45 U.S.C. § 228k expired long before Szostak filed this petition.

resentatives of organizations of the parties to the disputes determined by them." Even if we were to hold that this language, of itself or with the gloss furnished by the House Report, H.R.Rep. No. 1980, 79th Cong. 2d Sess. (1946) p. 19, but see 92 Cong.Rec. 2152 (1946), accomplished such an exclusion of the Railroad Retirement Board from the APA, this would not preclude review for abuse of discretion in refusing to reopen but would simply cause such relief to be governed by the common law rather than the statute. Cf. Scripps-Howard Radio, Inc. v. F. C. C., 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942); Stark v. Wickard, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733 (1944).

However, even on that basis Szostak still could not prevail. An agency does not abuse its discretion by refusing to reopen when it is plain that as a matter of law this would be of no avail. That, we are satisfied, was precisely the situation here, 45 U.S.C. § 228e(j); and see Coy v. Folsom, 228 F.2d 276, 278–279 (3 Cir. 1955).

Petition denied.