**James E. STEEBE, Petitioner,**

v.

**UNITED STATES RAILROAD RETIRE-
MENT BOARD, Respondent.**

No. 82–1689.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1983.

Decided May 13, 1983.

Richard L. Cummings, Scott, Nelms, Beasley, Lyell & Ward, Nashville, Tenn., for petitioner.

Thomas W. Sadler, Gen. Counsel, Bureau of Law, Chicago, Ill., for respondent.

Before WOOD and ESCHBACH, Circuit Judges, and GRAY, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

In 1956, the petitioner, James E. Steebe, applied for a disability annuity under the Railroad Retirement Act of 1937 ("RRA of 1937"), 45 U.S.C. §§ 228a *et seq.* Because the Railroad Retirement Board's ("Board") Bureau of Retirement Claims found that Steebe was able to engage in some regular employment, the claim was denied on June 15, 1956. At this time, Steebe was notified that he could appeal the denial to the appeals council of the Board and that the appeal must be made within one year of the denial.

Subsequently, both in 1959 and 1961, Steebe requested reconsideration of the denial of his eligibility for benefits. After reviewing additional evidence submitted by Steebe, the Board's Bureau of Retirement Claims denied Steebe's claim for benefits in

---

* The Honorable William P. Gray, Senior District Judge of the Central District of California, sitting by designation.

both 1959 and 1961. Steebe was again informed of his right to an administrative appeal of the denial of his claim. Steebe, however, never exercised his right to seek administrative review with respect to any of the aforementioned denials nor did he ever seek judicial review of those denials prior to this appeal.

In October, 1965, Steebe filed a second application for a disability annuity under the RRA of 1937. Steebe was awarded a disability annuity under that Act in November, 1965, based upon his inability to engage in any regular employment. The onset date of disability was established as October 1, 1964.

Thereafter, Steebe was awarded a disabled widower's benefit by the Social Security Administration with an effective date of November 1, 1977. The Director of Retirement Claims then informed Steebe that his railroad annuity would be reduced by the amount of his Social Security benefits because he was not entitled to receive dual benefits.

On August 5, 1980, Steebe requested that the decision denying his disability claim in 1956 be reopened. The request for reopening was denied on February 12, 1981.

On April 1, 1981, Steebe appealed the decision not to award him dual benefits and the decision not to reopen. Ultimately, the Railroad Retirement Board affirmed the refusal to reopen and denied Steebe's claim for dual benefits in a decision dated March 29, 1982, under the Railroad Retirement Act of 1974 ("RRA"), 45 U.S.C. §§ 231 et seq.

This appeal presents the following issues for review: (1) whether this court has jurisdiction to review the decision of the Railroad Retirement Board not to reopen the 1956 claim for benefits, (2) whether the Railroad Retirement Board violated Steebe's right to due process by declining to reopen a decision which allegedly violated Steebe's right to due process, and (3) whether Steebe is entitled to receive dual benefits.

I. Reopening

Steebe asserts that "due process requires [the 1956 claim] be reopened and given fair consideration" because the Bureau of Retirement Claims failed to fully develop the facts to permit a fair determination respecting eligibility. The respondent argues that: (1) this court lacks jurisdiction to review the Board's decision not to reopen, citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976), and (2) the Board did not abuse its discretion in declining to reopen the claim. We conclude that this court lacks jurisdiction to review the refusal to reopen except insofar as petitioner claims a constitutional question is raised.

Section 8 of the RRA addresses judicial review of Board decisions and provides in full:

Decisions of the Board determining the rights or liabilities of any person under this subchapter shall be subject to judicial review in the same manner, subject to the same limitations, and all provisions of law shall apply in the same manner as though the decision were a determination of corresponding rights or liabilities under the Railroad Unemployment Insurance Act except that the time within which proceedings for the review of a decision with respect to an annuity, supplemental annuity, or lump-sum benefit may be commenced shall be one year after the decision will have been entered upon the records of the Board and communicated to the claimant.

45 U.S.C. § 231g. Thus, to determine this court's jurisdiction, we must examine the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. §§ 351 et seq. The pertinent provisions of the RUIA are set out in the margin.[1]

---

1. § 355. Claims for benefits—Publication of Board's regulations

\* \* \* \* \* \*

(c) Each qualified employee whose claim for benefits has been denied in whole or in part upon an initial determination with respect thereto upon a basis other than one which is reviewable pursuant to one of the succeeding paragraphs of this subsection, shall be granted an opportunity for a fair

hearing thereon before a referee or such other reviewing body as the Board may establish or assign thereto.

Any claimant whose claim for benefits has been denied in an initial determination with respect thereto upon the basis of his not being a qualified employee, and any claimant who contends that under an initial determination of his claim he has been awarded benefits at less than the proper rate, may appeal to the Board for the review of such determination. Thereupon the Board shall review the determination and for such review may designate one of its officers or employees to receive evidence and to report to the Board thereon together with recommendations. In any such case the Board or the person so designated shall, by publication or otherwise, notify all parties properly interested of their right to participate in the proceeding and, if a hearing is to be held, of the time and place of the hearing. At the request of any party properly interested the Board shall provide for a hearing, and may provide for a hearing on its own motion. The Board shall prescribe regulations governing the appeals provided for in this paragraph and for decision upon such appeal.

In any case in which benefits are awarded to a claimant in whole or in part upon the basis of pay earned in the service of a person or company found by the Board to be an employer as defined in this chapter but which denies that it is such an employer, such benefits awarded on such basis shall be paid to such claimant subject to a right of recovery of such benefits. The Board shall thereupon designate one of its officers or employees to receive evidence and to report to the Board on whether such benefits should be repaid. The Board may also designate one of its officers or employees to receive evidence and report to the Board whether or not any person or company is entitled to a refund of contributions or should be required to pay contributions under this chapter, regardless of whether or not any claims for benefits will have been filed upon the basis of service in the employ of such person or company, and shall follow such procedure if contributions are assessed and payment is refused or payment is made and a refund claimed upon the basis that such person or company is or will not have been liable for such contributions. In any such case the Board or the person so designated shall, by publication or otherwise, notify all parties properly interested of their right to participate in the proceeding and, if a hearing is to be held, of the time and place of the hearing. At the request of any party properly interested the Board shall provide for a hearing, and may provide for a hearing on its own motion. The Board shall prescribe regulations governing the proceedings provided for in this paragraph and for decisions upon such proceedings.

Final decision of the Board in the cases provided for in the preceding two paragraphs shall be communicated to the claimant and to the other interested parties within fifteen days after it is made. Any properly interested party notified, as hereinabove provided, of his right to participate in the proceedings may obtain a review of any such decision by which he claims to be aggrieved or the determination of any issue therein in the manner provided in subsection (f) of this section with respect to the review of the Board's decisions upon claims for benefits and subject to all provisions of law applicable to the review of such decisions. Subject only to such review, the decision of the Board upon all issues determined in such decision shall be final and conclusive for all purposes and shall conclusively establish all rights and obligations, arising under this chapter, of every party notified as hereinabove provided of his right to participate in the proceedings.

Any issue determinable pursuant to this subsection and subsection (f) of this section shall not be determined in any manner other than pursuant to this subsection and subsection (f) of this section.

\*     \*     \*     \*     \*     \*

(f) Any claimant, or any railway labor organization organized in accordance with the provisions of the Railway Labor Act, of which claimant is a member, or any other party aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia. A copy of such petition, together with initial process, shall forthwith be served upon the Board or any officer designated by it for such purpose. Service may be made upon the Board by registered mail addressed to the Chairman. Within fifteen days after receipt of service, or within such additional time as the court may allow, the Board shall file with the court in which such petition has been filed the record upon which the findings and decision complained of are based, as provided in section 2112 of Title 28. Upon the filing of such petition the court shall have exclusive jurisdiction of the proceeding and of the question determined therein, and shall give precedence in the adjudication thereof over all other civil cases not otherwise entitled by law to precedence. It shall have

Subsection (f) of section 355 of the RUIA provides for judicial review by the United States Court of Appeals *only* of final decisions under subsection (c) of section 355. 45 U.S.C. § 355(f); *Railway Express Agency v. Kennedy,* 189 F.2d 801, 803 (7th Cir.), *cert. denied,* 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951). In a case involving a claim for benefits, subsection (c) provides for the review of *initial* action on a claim by the Board. 45 U.S.C. § 355(c); *Railway Express Agency v. Kennedy,* 189 F.2d 801, 803 (7th Cir.), *cert. denied,* 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951). Subsection (c) explicitly limits review of the Board's decision made under that subsection to judicial review as provided for in subsection (f). 45 U.S.C. § 355(c); *Western Pacific Railroad Co. v. Habermeyer,* 382 F.2d 1003, 1009 (9th Cir.1967), *cert. denied,* 390 U.S. 980, 88 S.Ct. 1101, 19 L.Ed.2d 1277 (1968). As a further limitation on the review of Board decisions, subsection (g) of section 355 provides that "[1] [f]indings of fact and conclusions of law of the Board in the determination of any claim for benefits or refunds, [2] the determination of any other matter pursuant to subsection (c) of this section, and [3] the determination of the Board that unexpended funds in the account are available ... shall be, except as provided in subsection (f) of this section, binding and conclusive for all purposes and upon all persons ... and *shall not be subject to review in any other manner other than that set forth in subsection (f) of this section.*" Thus, under the RUIA, unless a decision of the Board falls within subsection (c) and is reviewable under subsection (f), the decision is not subject to judicial review at all. *Western Pacific Railroad Co. v. Habermeyer,* 382 F.2d 1003, 1009–10 (9th Cir.1967), *cert. denied,* 390 U.S. 980, 88 S.Ct. 1101, 19 L.Ed.2d 1277 (1968). In light of subsection (g), neither the Administrative Procedure Act, 5 U.S.C. §§ 701–706, nor 28 U.S.C. § 1331 provides jurisdiction to review a Board decision regardless of whether fitting within subsection (c) of the RUIA. *See generally Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976); *Railway Express Agency v. Kennedy,* 189 F.2d 801, 804 (7th Cir.), *cert. denied,* 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628 (1951). *But see Szostak v. Railroad Retirement Board,* 370 F.2d 253 (2d Cir.1966) (held that the Railroad Retirement Board's refusal to reopen a claim was reviewable for abuse of discretion under the Administrative Procedure Act or the common law).

A decision by the Board not to reopen an application would not come within the terms of subsection (c) of section 355 of the RUIA; only an appeal from the original denial of the application for benefits would fit within subsection (c). Analogizing to the "corresponding" determination of rights

power to enter a decree affirming, modifying, or reversing the decision of the Board, with or without remanding the cause for rehearing. The findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the Board, and the Board may, after hearing such additional evidence, modify its findings of fact and conclusions and file such additional or modified findings and conclusions with the court, and the Board shall file with the court the additional record. The judgment and decree of the court shall be final, subject to review as in equity cases.

An applicant for review of a final decision of the Board concerning a claim for benefits shall not be liable for costs, including costs of service, or costs of printing records, except that costs may be assessed by the court against such applicant if the court determines that the proceedings for such review have been instituted or continued without reasonable ground.

\* \* \* \* \* \*

(g) Findings of fact and conclusions of law of the Board in the determination of any claim for benefits or refund, the determination of any other matter pursuant to subsection (c) of this section, and the determination of the Board that the unexpended funds in the account are available for the payment of any claim for benefits or refund under this chapter, shall be, except as provided in subsection (f) of this section, binding and conclusive for all purposes and upon all persons, including the Comptroller General and any other administrative or accounting officer, employee, or agent of the United States, and shall not be subject to review in any manner other than that set forth in subsection (f) of this section.

45 U.S.C. § 355.

under the RRA, a decision to deny an application for disability benefits would be subject to judicial review whereas a decision declining to reopen a claim would not be judicially reviewable. We conclude, therefore, that this court lacks jurisdiction to review the Board's decision not to reopen.[2]

This position is further supported by the decision of the Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1976). In *Sanders,* the Court held that neither section 10 of the Administrative Procedure Act nor section 205(g) of the Social Security Act afforded district courts subject matter jurisdiction to review a decision of the Secretary of Health and Human Services not to reopen a previously adjudicated claim for Social Security benefits. In concluding that section 205(g) did not authorize judicial review of a final decision of the Secretary not to reopen a claim for benefits, the Court reasoned:

> [Section 205(g)] clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing" as provided in § 205(b), 42 U.S.C. § 405(b) (1970 ed., Supp. V).... Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such actions are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.... Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of state eligibility claims.

**2.** Although the parties do not argue the construction of the RRA in this manner, the court considers this to be the proper construction.

**3.** Basic Board Order 75–5 sets forth the Board's reopening guidelines, and provides:
> (4) A final decision denying a claim shall be reopened:

430 U.S. at 108, 97 S.Ct. at 985. The Court noted that, "This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109, 97 S.Ct. at 986.

Although *Sanders* addressed reopening under the Social Security Act, the reasoning in *Sanders* is equally applicable to the RRA. The Social Security Act limits judicial review to a particular type of agency action; similarly, the RRA limits judicial review to particular types of agency decisions. Neither the Social Security Act nor the RRA provide for reopening of final decisions; rather, Basic Board Order 75–5[3] sets forth the Board's reopening procedure. As with the Social Security Act, the RRA sets a time limitation upon judicial review following a final decision which would be frustrated by permitting judicial review of reopening decisions and would present the court with stale claims. Moreover, in this instance, it would permit Steebe to circumvent the exhaustion-of-administrative-remedies requirement.

Steebe urges, however, that the constitutional challenge exception provided in *Sanders* applies here. Steebe argues that the Board's refusal to reopen his 1956 claim denied him due process solely because the 1956 decision allegedly denied him procedural due process. For this proposition, Steebe relies upon *Stanley v. Harris,* Unempl.Ins.Rep. (CCH) ¶ 17,226 (S.D.W.Va. June 20, 1980). The issue in *Stanley* was "whether plaintiff's prior application [for Social Security Disability benefits] may be reopened and benefits awarded to plaintiff based on his prior applications." *Id.* at 2020. The defendant filed a motion to dismiss for lack of jurisdiction, relying on *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Denying this motion, the court stated that "*Sanders* does not foreclose a constitutional challenge." *Stan-*

> (a) When the decision was made on the basis of a clear and obvious mistake of fact;
> (b) When the evidence as of the date of the decision does not reasonably support the decision;
> (c) When the decision was made on the basis of a clear and obvious mistake of law.

*ley,* Unempl.Ins.Rep. (CCH) ¶ 17,226 at 2020–21. The *Stanley* court then proceeded to consider whether "the plaintiff receive[d] a meaningful review or consideration of his first two applications." *Id.* at 2021. Concluding that the plaintiff had not received competent consideration of his second application, the court awarded back benefits from the date of his second application. We do not apply the *Stanley* rationale to this case, viewing the reliance on the *Sanders* constitutional challenge exception misplaced.

*Sanders* did not hold that a court may review an initial decision denying benefits beyond the statutory period of limitations where the agency later declines to reopen the decision simply because the initial decision allegedly raised a constitutional question. Rather, the Court said that the refusal to reopen the decision itself must raise the constitutional question, and observed this would be a "rare instanc[e]." *Sanders,* 430 U.S. at 109, 97 S.Ct. at 986. *Accord Gosnell v. Califano,* 625 F.2d 744, 745 (6th Cir.1980) ("Because Gosnell presented no constitutional challenge to the refusal to reopen ... the District Court had no power to review the refusal to reopen.").

■ Furthermore, we do not interpret *Stanley,* as does Steebe, to hold that the Social Security Board violated the applicant's right to due process by refusing to reopen a decision which violated the applicant's right to due process. If this view were accepted, cases would rarely come to a

final resolution and the *Sanders* exception would not be limited to "rare instances." [4] In this instance, such a ruling would result in review of a 1956 decision by the Board which is clearly barred by the one-year limitations period provided in 45 U.S.C. § 231g and by the requirement of exhaustion of administrative remedies set forth in 45 U.S.C. § 355. *See generally Hoffman v. Dodd,* 331 F.Supp. 393 (N.D.Ill.1971). Steebe devotes the lion's share of his brief to pointing out deficiencies in the 1956 decision; however, that decision is not properly before us. [5] We uphold the Board's decision not to reopen the 1956 application, finding no denial of due process.

## II. Dual Benefits

Steebe claims that he is entitled to receive "dual" benefits under the Railroad Retirement Act of 1974 based on his own earning record, 45 U.S.C. § 231b(h)(2), and alternatively, based on the Due Process Clause of the Fifth Amendment.

According to Steebe, the Bureau of Retirement Claims erroneously denied his 1965 application for a disability freeze. Steebe alleges that had the Bureau established the onset date of disability correctly, [6] he would have been awarded a period of disability. As a result, Steebe claims, he would have received dual benefits "protected" under the Act of 1974 since based on his own earning record.

The decision to set the onset date of disability as October 1, 1964 was made on

4. *See generally Gosnell v. Harris,* 521 F.Supp. 956, 963 (S.D.Ohio 1981) ("Any claim of unfairness or alleged abuses of agency discretion in refusing to reopen claims for Social Security benefits are not subject to judicial review under 42 U.S.C. § 405(g). . . . We refuse to convert what is essentially an abuse of agency discretion claim into a constitutional claim and thereby circumvent the Supreme Court's holding in *Califano v. Sanders.*").

5. As an aside, we note that the lack of procedural due process claimed by Steebe rests on a claim that the Board failed to fully develop the facts of Steebe's claim. However, had Steebe appealed the Board's Bureau of Retirement Claims decision, the regulations provide for "an oral hearing," submission of additional evidence, and the presentation of oral and written

argument before a referee of the Bureau of Hearings and Appeals. 20 C.F.R. § 200.0(a)(2). Thereafter, if still dissatisfied, Steebe could have appealed to the Board itself and again submitted additional evidence in order to develop the facts of his claim. *See generally Gosnell v. Harris,* 521 F.Supp. 956, 961 (S.D.Ohio 1981) (By failing to exhaust his administrative remedies, the applicant for Social Security benefits forfeited an otherwise "ample opportunity for meaningful review." Under these circumstances, the applicant's "claiming a denial of a meaningful review" raises no "colorable constitutional claim. . . .").

6. Under the Act, an annuity could not begin more than twelve months before the filing of the application. 45 U.S.C. § 228b(c)(2).

November 29, 1965. The Director of Retirement Claims denied Steebe a disability freeze period in 1966. Steebe took no administrative appeal or judicial appeal from the 1966 decision, and unsuccessfully sought reopening of the 1965 decision. Because the one-year statute of limitations period has elapsed since the 1965 and 1966 decisions, we decline to review them. 45 U.S.C. § 231g. With respect to the decision not to reopen the 1965 decision, Steebe makes the same denial of due process argument advanced with respect to the 1956 application; for the reasons stated previously, we reject this argument.

■ Steebe next argues that he is entitled to dual benefits pursuant to our decision in *Gebbie v. United States Railroad Retirement Board,* 631 F.2d 512 (7th Cir. 1980), and the Due Process Clause. Subsequent to the decision in *Gebbie,* however, Congress added section 3(h)(6) to the RRA, eliminating dual benefits for anyone whose entitlement to those benefits had not been determined by August 13, 1981. 45 U.S.C. § 231b(h)(6). This court, in *Frock v. United States Railroad Retirement Board,* 685 F.2d 1041, 1045 (7th Cir.1982) (emphasis in original), *cert. denied,* —— U.S. ——, 103 S.Ct. 1185, 75 L.Ed.2d 432 (1983), interpreted section 3(h)(6) as precluding "dual benefits unless an *individual* has been determined to be eligible by the date of enactment," August 13, 1981. Steebe had not received a determination of entitlement to dual benefits by August 13, 1981 and therefore section 3(h)(6) bars him from receiving dual benefits. We find no basis for distinguishing *Frock.*

Steebe attempts to distinguish *Frock,* arguing that he was denied "the right to have his claim reviewed by the Bureau of Hearings and Appeals upon an initial denial by the Bureau of Retirement Claims," in violation of the Due Process Clause of the Fifth Amendment. In support of his contention, Steebe cites *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

In *Logan,* an employee, who was discharged purportedly because his short left leg disabled him from carrying out his shipping clerk duties, filed timely a charge of unlawful discharge with the Illinois Fair Employment Practices Commission ("FEPC"). The FEPC denied the employer's motion to dismiss the charge due to the FEPC's inadvertent failure to convene a timely fact-finding conference. On a petition for an original writ of prohibition filed by the employer, the Illinois Supreme Court held that the failure to comply with the 120 day limitation period for holding a conference deprived the FEPC of jurisdiction to consider the charge. The employee appealed to the United States Supreme Court. The Court held that the employee's cause of action is properly protected by the Fourteenth Amendment and the employee was entitled, as a matter of due process, to have the FEPC consider the merits of his claim. The Court emphasized that the "Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged." *Id.* at 433, 102 S.Ct. at 1156.

■ Steebe analogizes the appeals referee's failure to specifically address his claim for dual benefits to the failure of the state agency in *Logan* to hold a hearing. Unlike the employee in *Logan,* however, Steebe did receive administrative consideration of his claim and is able to obtain judicial review of the agency's action. The initial consideration of Steebe's claim was by the Bureau of Retirement Claims. The Bureau denied Steebe's claim for dual benefits based upon 45 U.S.C. § 231b(m). The December 14, 1981 decision of the Appeals Referee did not address the dual benefits claim for some inexplicable reason. *Cf. Martin-Trigona v. Underwood,* 529 F.2d 33, 37 (7th Cir.1975) ("presumption of honesty and integrity in those serving as adjudicators"). On appeal to the Railroad Retirement Board, however, Steebe represented to the Board that the referee decided the dual benefits claim adversely, leaving Steebe free to appeal that issue. The Board, citing 45 U.S.C. § 231b(h)(6), denied Steebe's claim. Thus, Steebe had an opportunity to present his claim and received review from at least two of the three tiers of administrative review.

*See generally Saharoff v. Stone,* 638 F.2d 90, 92 (9th Cir.1980); *Garrett v. Mathews,* 625 F.2d 658, 660 (5th Cir.1980) ("not every violation by an agency of rules rises to the level of a due process claim"). Since a pure question of law was involved and the highest voice of the agency passed on the question, Steebe received a fair adjudication of his claim in accordance with due process. *See generally, Zanders v. Louisiana State Board of Education,* 281 F.Supp. 747, 761 (W.D.La.1968); K. Davis, Administrative Law Treatise § 7.10 (1958). Furthermore, Steebe did not request the Board to require the referee to pass on the question or argue to the Board that the referee's failure had denied him due process; rather, Steebe led the Board to believe that the issue was ripe for its review and that no corrective action need be taken. *See generally, Dusanek v. Hannon,* 677 F.2d 538, 542–43 (7th Cir.) (no denial of due process where constitutionally sufficient administrative procedure exists regardless of whether complainant fails to take advantage of the administrative procedure), *cert. denied,* —— U.S. ——, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982).

The parties shall bear their own costs.

AFFIRMED.