**Ronald M. SONES, Petitioner,**

v.

**UNITED STATES of America RAILROAD RETIREMENT BOARD, Respondent.**

No. 90–1842.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1991.

Decided May 15, 1991.

James A. Broshot, Steelville, Mo., for appellant.

Marguerite P. Dadabo, Chicago, Ill., for appellee.

Before MAGILL, Circuit Judge, ROSS, Senior Circuit Judge, and HUNTER,* Senior District Judge.

ROSS, Senior Circuit Judge.

Ronald M. Sones (claimant) appeals the decision of the Railroad Retirement Board (the Board) denying him benefits under § 2(a)(1)(v) of the Railroad Retirement Act,

---

* The HONORABLE ELMO B. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

45 U.S.C. § 231a(a)(1)(v). We remand the case for further consideration.

## I.

Claimant, born on December 23, 1947, worked as a switchman/conductor in the railroad industry from February 1968 to April 1983. His job duties required bending, stooping, lifting and climbing. Claimant graduated from high school but has had no other specialized or vocational training.

In May 1983, claimant was self-employed as a farmer. Claimant's farm consisted of approximately 340 acres and included 25 head of cattle. Claimant continued farming without difficulty until July 5, 1986, when he injured his neck. In August 1986, claimant underwent a cervical diskectomy. By August 1987, claimant was forced to stop farming because of persistent neck and back pain.

Claimant then filed a petition with the Railroad Retirement Board for disability benefits alleging that his back condition prevented him from performing gainful employment. The referee found that claimant could no longer perform his past work as a switchman/conductor. However, by a letter dated May 20, 1987, the Railroad Bureau of Retirement Claims, the Board's initial adjudicating unit, denied claimant benefits, finding that claimant retained the capacity to stand or walk for six hours in an eight hour day and to lift twenty to fifty pounds. Claimant then requested reconsideration of the denial.

In a reconsideration letter dated August 20, 1987, claimant was again denied benefits. Claimant was found to be capable of performing a range of medium work. On June 28, 1988, the appeals referee affirmed the denial of the claim. On May 30, 1989, the three-member Board affirmed and adopted the decision of the appeals referee.

On October 6, 1989, claimant requested that the Board reopen his case in light of a decision of a Social Security ALJ, dated August 16, 1989, which found claimant to be disabled under the Social Security Act.[1] In a letter dated January 31, 1990, the Secretary of the Board informed claimant's attorney that: "The Board has reviewed the record in [claimant's] case plus the additional evidence you submitted with your letter. The Board has decided not to modify its decision issued on May 30, 1989."

At first glance, it is unclear whether the above language means that the Board decided to reopen and then concluded that the decision ought to remain unchanged or whether the Board simply refused to reopen the case at all. At oral argument and in its brief, the Board clarified this language and stated that "the Board had decided not to reopen its decision of May 30, 1989." Respondent's brief p. 5. We, therefore, proceed on the assumption that the August 16, 1989 letter indicated that the Board refused to reopen the case.

## II.

■ A decision whether to reopen a case is discretionary with the Board. Consolidated Board Order 75–5 sets forth the Board's discretionary reopening authority. Paragraph 17B of that Board Order provides as follows:

B. Reopening of an erroneous decision denying a claim and a certification with a view to increasing the amount thereof. A decision denying a claim, which decision is subsequently found to be erroneous, may be reopened. A final certification may be reopened with a view to increasing the amount thereof. Factors to be taken into consideration in determining whether such a decision or certification is to be reopened include, but are not limited to, the following:

(1) The responsibility of the applicant in not providing the new evidence, if any, upon which the request for re-

---

**1.** The record indicates that because claimant had 120 or more months of railroad service, he would be unable to receive payment from Social Security, but rather would receive payment through the Railroad Disability Annuities. However, after claimant notified the Railroad Retirement Board of the favorable Social Security decision, the Board refused to pay benefits because of claimant's unfavorable ruling before the Board.

opening is based, at the time the original claim was made or at some other time prior to the date of the request for reopening;

(2) The weight or probative value of any new evidence;

(3) The responsibility of the Railroad Retirement Board in previously applying law or evaluating evidence incorrectly.

Furthermore, at oral argument the Board admitted that, although there is no requirement in the Railroad Retirement Act that the Board reopen a case in circumstances such as claimant's, nevertheless, there is nothing that prohibits the Board from reopening a case if the Board wants to.

In light of this court's holding in *Burleson v. Railroad Retirement Bd.*, 711 F.2d 861 (8th Cir.1983), subsection (2) of the above Board Order seems especially pertinent to the instant case. In *Burleson,* this court stated: "The standards and rules for determining disability under the Railroad Retirement Act are identical to those under the more frequently litigated Social Security Act, and it is the accepted practice to use social security cases as precedent for railroad retirement cases." *Id.* at 862. *See also Romaker v. Railroad Retirement Bd.*, 733 F.2d 639, 641 (8th Cir.1984).

The Board cites *Steebe v. Railroad Retirement Bd.*, 708 F.2d 250 (7th Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983), as support for its position that this court is without jurisdiction to reopen claimant's case. However, we note that *Steebe* involved an ultimate decision by the Board to award benefits. This award was followed by a disabled widower's benefit award under Social Security. In *Steebe,* after the petitioner was awarded railroad retirement benefits and social security benefits, petitioner then sought to reopen a separate, earlier claim for railroad retirement benefits which had been denied some twenty-five years earlier. *Steebe* did not involve two disability claims to two different agencies (which supposedly em-

ploy identical standards and rules for determining disability) resulting in two completely different rulings on those claims. We find that *Steebe* is factually distinguishable from the instant case [2].

■ Under these facts, we believe that the Board has the authority to exercise its discretion under Board Order 75–5 and reopen claimant's case. We also believe that it is within our jurisdiction to review the Board's decision of whether to reopen this case for an abuse of discretion. *See Szostak v. Railroad Retirement Bd.*, 370 F.2d 253, 254–55 (2d Cir.1966) (court held that the Railroad Retirement Board's refusal to reopen a claim was reviewable for abuse of discretion).

We have reviewed the records in claimant's Railroad Retirement case as well as the Social Security case. In particular, the Social Security record contains evidence that claimant had severe pain, took several prescription analgesics, was unable to drive, had memory, concentration and attention problems associated with pain, and had significant limitations on his movement. This review of both records in the case leads us to believe that the Board abused its discretion by refusing to reopen claimant's case in light of the Social Security ruling. It is disconcerting to note that two government agencies looked at the same set of facts under the same rules and came up with two different decisions. The effect of this is to create a public image of unfairness and conflict within the government.

### III.

We therefore remand with instructions to the Board to reopen claimant's case, as allowed under Board Order 75–5, in light of the favorable Social Security ruling of August 16, 1989.

---

**2.** We note that the Seventh Circuit has limited its own holding in *Steebe v. Railroad Retirement Bd.*, 708 F.2d 250 (7th Cir.), *cert. denied,* 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983), to the specific facts of that case. In *Bennett v.* *Tucker,* 827 F.2d 63, 73 n. 7 (7th Cir.1987), the court stated that the *Steebe* decision "turned on [its] specific facts, and thus [had] no relevance in [the *Bennett*] action."