Peter R. CLIFFORD, Petitioner,

v.

UNITED STATES of America RAILROAD RETIREMENT BOARD, Respondent.

No. 93–1146.

United States Court of Appeals, First Circuit.

Heard June 8, 1993.

Decided Sept. 9, 1993.

James B. Smith, with whom Smith & O'Toole, Biddeford, ME, was on brief, for petitioner.

Stanley Jay Shuman, Gen. Atty., with whom Catherine C. Cook, Gen. Counsel, Steven A. Bartholow, Deputy Gen. Counsel, and Thomas W. Sadler, Asst. Gen. Counsel, R.R. Retirement Bd., Chicago, IL, were on brief, for respondent.

Before TORRUELLA, SELYA and BOUDIN, *Circuit Judges.*

TORRUELLA, *Circuit Judge.*

Appellant Peter Clifford seeks annuities allegedly due his mother, Dorothy Clifford, under the Railroad Retirement Act ("Act"). The Railroad Retirement Board ("Board") awarded Mrs. Clifford annuities in 1977, but, according to appellant, mistakenly failed to credit several years of eligibility. Appellant petitioned the Board in 1990 to reopen the case, but the Board refused. We affirm the Board's decision not to reopen the case and thus do not address the merits of his claim to enhanced benefits.

Under the railroad retirement system, a retired railroad employee with more than ten years of service, who files a proper application, qualifies for an annuity.[1] 45 U.S.C. § 231a(a)(1). The annuity may be retroactive for up to one year. *Id.* § 231d(a)(ii)(B). That is, a retired employee may receive annuity payments on a monthly basis upon filing an application, plus up to twelve payments to cover the year prior to application, if the employee was eligible for benefits during that year.

Mrs. Clifford was a railroad employee with more than ten years of service who filed an application for benefits directly with the Board in April, 1977. The Board granted her benefits beginning that month, with retroactive payments for one year. The Board sent Mrs. Clifford a notice to this effect, and informed her that she could contest the award in an administrative procedure at any time within the year. Mrs. Clifford did not appeal or otherwise contest the award.

Although the present appeal concerns the award of benefits in 1977, the root of the appeal extends back to 1969, when Mrs. Clifford filed a claim for Social Security benefits. As retirees are not allowed to collect social security benefits based on railroad employment, the Social Security Administration ("Administration") requested information on her railroad employment from the Board. The Board duly notified the Administration of Mrs. Clifford's railroad employment history, and the Administration granted the appropriate benefits for her non-railroad employment.

After receiving the award of annuities in 1977, Mrs. Clifford contacted the Administration by letter to request that it take some action to use her 1969 filing as a protective filing for railroad benefits. In response, the Administration instructed her to contact the Board "as soon as possible." Mrs. Clifford did not do so, however, and she received the annuity established in April 1977 without complaint until she passed away some ten years later.

Appellant claims, not without some force, that the 1969 social security filing served as a de facto application for railroad benefits, binding on the Board in its consideration of an annuities award. In making this claim, appellant relies on a 1969 Board regulation providing, in part, that "a claim or application filed with the Social Security Administration ... shall be considered an application for an annuity duly filed with the Board." Appellant learned the substance of this regulation when, in the course of his employment at the Administration, he reviewed a social security manual. Appellant alleges that Mrs. Clifford was due an annuity retroactively back to 1969. As such, appellant petitioned the Board to reopen his mother's file, because he was due a lump sum payment of annuities covering the years of 1969 to 1976.[2] The Board refused because the failure to

---

1. A railroad annuity is "a monthly sum which is payable on the first day of each calendar month for the accrual during the preceding calendar month." 45 U.S.C. § 231(p).

2. The Railroad Retirement Act provides that survivors of deceased railroad employee may receive, as a lump sum, any benefits unpaid at death. 45 U.S.C. § 231e(a)(1).

appeal was not justified by good cause, and in any event the amount of the award was correct. This appeal followed.

The reopening procedure stems solely from the Board's own regulations, not from the Act. *See* 20 C.F.R. § 260.3(d) (outlining standard for reopening a case).[3] As such, some courts have held that they do not possess jurisdiction to review a Board decision not to reopen a case. *See Gutiérrez v. Railroad Retirement Board,* 918 F.2d 567, 569 (6th Cir.1990) (no jurisdiction to review an appeal filed with the Board late); *Steebe v. United States Railroad Retirement Board,* 708 F.2d 250, 255 (7th Cir.1983) ("this court lacks jurisdiction to review the Board's decision not to reopen"). These courts reason that the Act permits judicial review over certain Board actions defined in the Act, including final board decisions and those made after exhausting all administrative channels.[4] As denial of a petition to reopen a case is not a final Board determination on the merits of a claim as contemplated by the Act or the result of an exhausted administrative process defined in the Act, these courts conclude that the decision is unreviewable. *Gutiérrez,* 918 F.2d at 570 (finding no exhaustion and expressing doubt over finality of determination); *Steebe,* 708 F.2d at 254–55 (no finality).

Other courts have held that a Board decision not to reopen a case is reviewable under an abuse of discretion standard. *See Sones v. United States Railroad Retirement Board,* 933 F.2d 636, 638 (8th Cir.1991); *Szostak v. Railroad Retirement Board,* 370 F.2d 253, 254–55 (2d Cir.1966). The court in *Szostak* did not decide whether the Act authorized such review, but concluded such review would be "governed by the common law rather than the statute" in any event. 370 F.2d at 255. *Sones* relies solely on *Szostak* to find jurisdiction.

We need not decide which approach to follow. Even assuming that we have jurisdiction over the Board's refusal to reopen the case, which is not at all clear, we can find no abuse of discretion in the Board's action.[5] The Board will only reopen a case upon a showing of good cause to do so, see *supra* note 3, and appellant has made no such showing. A good cause showing entails some demonstration of why a timely administrative appeal was not pursued. We take it from the list of available excuses that a dissatisfied recipient of benefits must show that some hardship or unusual circumstance prevented him from complying with the constraints of the ordinary course of review. In essence, the regulation allows the Board to reopen a case when the employee, through no fault of his own and in an extraordinary circum-

---

**3.** The regulation reads:

> In determining whether the claimant has good cause for failure to file a timely request for reconsideration the bureau director shall consider the circumstances which kept the claimant from filing the request on time and if any action by the Board misled the claimant. Examples of circumstances where good cause may exist include, but are not limited to:
>
> (1) A serious illness which prevented the claimant from contacting the Board in person, in writing, or through a friend, relative or other person;
>
> (2) A death or serious illness in the claimant's immediate family which prevented him or her from filing;
>
> (3) The destruction of important and relevant records;
>
> (4) A failure to be notified of a decision; or
>
> (5) An unusual or unavoidable circumstance existed which demonstrates that the claimant would not have known of the need to file timely or which prevented the claimant from filing in a timely manner.

**4.** *See* 45 U.S.C. § 231g (judicial review of annuities determinations governed by judicial review provisions of Railroad Unemployment Insurance Act, which requires administrative exhaustion, 45 U.S.C. § 355(f)); *see also Steebe,* 708 F.2d at 254; *Szostak v. Railroad Retirement Board,* 370 F.2d 253, 254 (2d Cir.1966); *cf. Frock v. United States Railroad Retirement Board,* 685 F.2d 1041, 1044–45 (7th Cir.1982) (allowing appeal when exhaustion would have been a "futile gesture" and "purposes of exhaustion would not be served").

**5.** It is settled that an appellate court, confronted by a difficult jurisdictional question may forgo its resolution if the merits of the appeal are, as here, straightforward and easily resolved in favor of the party to whose benefit the objection to jurisdiction would redound. *See Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976); *Secretary of the Navy v. Avrech,* 418 U.S. 676, 677–78, 94 S.Ct. 3039, 3039–40, 41 L.Ed.2d 1033 (1974); *Lambert v. Kysar,* 983 F.2d 1110, 1119 (1st Cir.1993).

stance, was prevented from filing a timely appeal.

This case does not raise any such concern. To the contrary, the record reveals a complete failure by Mrs. Clifford and her son to exercise due diligence in pursuing this claim. Mrs. Clifford, when presented a notice apprising her of her right to appeal with the Board, did nothing. Although appellant asserts that his mother spoke with a Board employee, who told her that the 1969 social security filing did not qualify as a filing for railroad benefits, no record of a conversation with the unnamed employee exists. We are hesitant to accord this rather flimsy excuse sufficient weight to qualify as good cause for a thirteen-year delay.

Our conclusion holds true even with the added weight of Mrs. Clifford's request that the Administration take some action to use her 1969 filing as a protective filing for railroad benefits. In effect, she was informed by the Administration for a second time that redress lay with the Board. Mrs. Clifford never acted on the Administration's instruction to contact the Board "as soon as possible," however. She merely accepted the annuity award granted by the Board at that point. Had she pressed her claim, chances are good that she would have learned of the regulation concerning the use of social security filings as railroad retirement benefits filings.

In short, we decline to overturn the Board's decision not to reopen the case when the exercise of due diligence would have revealed the grounds for a timely appeal. Appellant has not advanced a good cause to overcome this failure.

*Affirmed.*