23 F.3d 400NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William S. FUNDERBURG, Petitioner,v.U.S. RAILROAD RETIREMENT BOARD, Respondent.
 No. 93-1579.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.Decided May 4, 1994.
 
 On Petition for Review of an Order of the Railroad Retirement Board. (A-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)
 Alexander M. Hall, Wilmington, NC, for appellant.
 Catherine C. Cook, Steven A. Bartholow, Thomas W. Sadler, Karl T. Blank, Railroad Retirement Board, Chicago, IL, for appellee.
 R.R. Retirement Bd.
 DISMISSED.
 Before WILKINSON and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William S. Funderburg appeals from the Railroad Retirement Board's ("the Board") decision not to reopen an earlier denial of his claim. Absent extraordinary circumstances, a decision of the Board not to reopen an earlier denial of a claim is not subject to judicial review. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction since we find no such extraordinary circumstances.
 
 I.
 
 2
 On May 22, 1978, Funderburg applied for a disability annuity with the Board. On December 3, 1981, the Board found that Funderburg was not totally and permanently disabled within the meaning of the Railroad Retirement Act. Funderburg did not appeal that decision.
 
 
 3
 Approximately three and a half years later, Funderburg filed a second application for benefits. The Board awarded Funderburg an annuity based on early retirement beginning May 1, 1985. Funderburg did not request a reconsideration of the Board's determination.
 
 
 4
 On May 22, 1990, Funderburg appealed to the Board's Bureau of Hearings and Appeals. Because Funderburg had not appealed the 1981 Board order denying his claim for disability benefits, the hearing officer issued a decision, holding that the denial of his 1978 application was administratively final. Funderburg appealed. The Board affirmed the decision of the hearing officer not to reopen the 1981 denial of Funderburg's 1978 application, but determined that the evidence warranted reopening the reduced annuity awarded in 1985. Funderburg appeals the decision not to reopen the earlier denial of his claim.
 
 II.
 
 5
 Pursuant to 45 U.S.C.A. Sec. 355(c) (West Supp.1993), the Board may review decisions on initial claims filed under the Railroad Retirement Act. A request for reopening a previously filed claim is not a request for an initial decision; rather, the claimant asks the Board to take a second look at an earlier decision. Steebe v. United States R.R. Retirement Bd., 708 F.2d 250, 254-55 (7th Cir.), cert. denied, 464 U.S. 997 (1983). This Court has jurisdiction to review final decisions issued pursuant to Sec. 355(c). See 45 U.S.C.A. Sec. 355(f) (West Supp.1993). Absent extraordinary circumstances, a decision of the Railroad Retirement Board not to reopen an earlier denial of a claim is not subject to judicial review. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (holding that Court of Appeals lacks jurisdiction to review denial to reopen claims for social security benefits); Steebe, 708 F.2d at 254-55. Therefore, since Funderburg does not challenge the constitutionality of the Board's decision, this Court lacks jurisdiction to review the Board's decision not to reopen the case. See Califano, 430 U.S. at 108-09. Thus, we dismiss this appeal for lack of subject matter jurisdiction.
 
 
 6
 DISMISSED.