Anthony P. ABBRUZZESE, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 94–9574.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1995.

Anthony P. Abbruzzese, pro se.

Catherine C. Cook, Gen. Counsel and Steven A. Bartholow, Deputy Gen. Counsel (Thomas W. Sadler, Asst. Gen. Counsel and Arthur A. Arfa, Gen. Atty., of counsel), Chicago, IL, for respondent.

Before TACHA, LOGAN, and BRISCOE, Circuit Judges.

TACHA, Circuit Judge.

In September 1972, petitioner Anthony P. Abbruzzese applied for a disability annuity under the Railroad Retirement Act, 45 U.S.C. § 231. The respondent Railroad Retirement Board (Board) granted his application, awarding petitioner a disability annuity beginning December 1, 1971. Petitioner did not appeal the terms or amount of the award.

On July 2, 1993, over twenty years after his annuity award commenced, petitioner corresponded with the Board requesting a change in his effective date from December 1, 1971, to October 1969. The hearing officer refused to reopen the case, finding that petitioner had not established good cause for his failure to timely appeal the award. *See* 20 C.F.R. § 260.3(b), (c) and (d) (1995).[1] The Board affirmed, and petitioner seeks review.[2]

As an initial matter, we address the Board's challenge to this court's subject matter jurisdiction to review its refusal to reopen an earlier decision. We have not previously decided this issue as it relates to a Board decision. We do so now.

The circuits which have addressed this issue appear to be split. The Sixth and Seventh Circuits have held that there is no appellate jurisdiction to review decisions of the Board not to reopen a case. *See Gutierrez v. Railroad Retirement Bd.*, 918 F.2d 567, 569 (6th Cir.1990) (holding that appellate court lacks jurisdiction to review Board's refusal to allow untimely appeal); *Steebe v. United States R.R. Retirement Bd.*, 708 F.2d 250, 252, 255 (7th Cir.) (holding a decision refusing to reopen a claim is judicially unreviewable except when a constitutional issue is raised), *cert. denied*, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). The Eighth and Second Circuits have held that a Board decision not to reopen is reviewable for abuse of discretion. *See Sones v. United States R.R. Retirement Bd.*, 933 F.2d 636, 638 (8th Cir. 1991) (distinguishing facts of *Steebe*, court determined it had jurisdiction to review Board decision not to reopen for abuse of discretion); *Szostak v. Railroad Retirement Bd.*, 370 F.2d 253, 254–55 (2d Cir.1966) (holding that the Administrative Procedure Act or the common law provides for abuse of discretion review of Board decisions not to reopen a claim). The First Circuit, while discussing the split in the circuits, declined to decide the

---

1. Pursuant to the regulations governing appeals of initial decisions of the Board in effect at the time of petitioner's annuity award, he had one year following the decision in which to appeal. 20 C.F.R. § 260.2(b) (1972). The current regulation, and the 1994 version presumably applied by the Board when determining whether petitioner had shown good cause for reopening, limits the appeal window to sixty days, but allows for un-

timely review upon a showing of good cause. 20 C.F.R. § 260.3(b), (c) and (d) (1995).

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

issue. *Clifford v. United States R.R. Retirement Bd.,* 3 F.3d 536, 538 (1st Cir.1993).

■ The *Steebe* court held the Supreme Court's reasoning in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), a social security decision, to be equally applicable to a Board denial of reopening.[3] 708 F.2d at 255. We agree. In *Sanders,* the Court generally held that the Administrative Procedure Act does not itself constitute a grant of subject matter jurisdiction allowing federal courts to review agency action. 430 U.S. at 107, 97 S.Ct. at 985. The Court also held that § 205(g) of the Social Security Act does not provide federal courts with subject matter jurisdiction to review the Secretary's decision not to reopen a case. *Id.* at 108, 97 S.Ct. at 986. An exception to this bar to judicial review exists when the refusal to reopen is challenged by "colorable constitutional claims." *Id.* at 109, 97 S.Ct. at 986.

■ The statutory scheme of the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351–68,[4] specifically provides for judicial review of final decisions of the Board regarding the initial denial of an employee's claim for benefits. 45 U.S.C. § 355(f). However, the statute does not provide for judicial review of the Board's denial of a request to reopen a case. The social security statute similarly limits judicial review to final administrative decisions. 42 U.S.C. § 405(g).

Applying *Sanders,* this court has held that the Secretary's decision not to reopen a previously denied claim for social security benefits is discretionary, and as such, is nonfinal and unreviewable under 42 U.S.C. § 405(g). *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir.1990); *see also Nelson v. Secretary of Health & Human Servs.,* 927 F.2d 1109, 1111 (10th Cir.1990) (holding that absent a colorable claim of constitutional deprivation, an appellate court is without jurisdiction to review the Secretary's decision not to reopen).

In *Sones,* the Eighth Circuit relied on *Szostak* in holding that jurisdiction existed to review a decision not to reopen. 933 F.2d at 638. The court in *Szostak* held that the Administrative Procedure Act or the common law provided jurisdiction to review the Board's decision for an abuse of discretion. 370 F.2d at 254–55. However, adopting, as we do here, the Seventh Circuit's conclusion regarding the applicability of *Sanders* to this jurisdiction question, the *Sanders* decision serves to overrule *Szostak,* thus undermining the *Sones* decision as well.

■ In sum, we conclude that, absent the presence of a constitutional question raised by the refusal to reopen, we are without subject matter jurisdiction to review a decision by the Board not to reopen a case. Petitioner does not raise a claim of constitutional deprivation. Therefore, his petition for review is dismissed for lack of subject matter jurisdiction.

DISMISSED.

---

**3.** Because of similarities and overlapping authority between the two statutes, and because social security cases are more frequently litigated, courts have held that "it is the accepted practice to use social security cases as precedent for railroad retirement cases." *Burleson v. Railroad Retirement Bd.,* 711 F.2d 861, 862 (8th Cir.1983); *see also Aspros v. United States R.R. Retirement Bd.,* 904 F.2d 384, 386 (7th Cir.1990).

**4.** The Railroad Retirement Act provides that judicial review of decisions of the Board determining the rights and liabilities of parties under the statute shall be subject to the provisions and limitations of the Railroad Unemployment Insurance Act, 45 U.S.C. §§ 351–68. 45 U.S.C. § 231g; *see also Steebe,* 708 F.2d at 252–53 & n. 1 (discussing in detail the Railroad Retirement Unemployment Insurance Act provisions applicable to judicial review of Board decisions).