FILED
United States Court of Appeals
Tenth Circuit

May 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARILYN TERRY,

      Petitioner,

v.

RAILROAD RETIREMENT BOARD,

      Respondent.

No. 11-9563
(No. 10-AP-0051)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

Petitioner Marilyn Terry appeals pro se the decision of the Railroad

Retirement Board (Board) adopting the decision of a hearing officer that she did not

have good cause for filing a late appeal. The order petitioner attempted to appeal

denied reconsideration of her request for benefits. "This court has jurisdiction to

review decisions of the [Board] under 45 U.S.C. § 231g." *Gatewood v. R.R. Ret. Bd.*,

88 F.3d 886, 888 (10th Cir. 1996). This court is without jurisdiction, however, to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

review the Board's refusal to reopen the case due to petitioner's untimely attempt to appeal. Therefore, this matter is dismissed. Petitioner's request to proceed on appeal in forma pauperis (IFP) is granted.

## Background

In 2009, petitioner filed an application for a disabled widow's annuity under the Railroad Retirement Act, 45 U.S.C. § 231a. After her application was denied, she filed a request for reconsideration. Reconsideration was denied on September 24, 2009. Petitioner was entitled to appeal the reconsideration decision. *See* 20 C.F.R. § 260.5(a). Her appeal was due to the Bureau of Hearings and Appeals within 60 days after the denial, *see id.* § 260.5(b), but she did not mail her appeal until January 28, 2010, well after the November 23, 2009, deadline.

The deadline for filing an appeal may be excused for good cause. *Id.* § 260.5(c). Accordingly, the hearing officer informed Ms. Terry that her appeal was late, but that she had 30 days from February 17, 2010, to provide information to show good cause for the late filing. When this information was not received by March 22, 2010, the hearing officer denied the appeal as untimely. But on March 22, the Board received the information from petitioner, so it reopened the hearing officer's decision.

The hearing officer held a telephonic hearing at which petitioner presented evidence as to why her appeal was late. Following the hearing, the hearing officer kept the record open for another two weeks to give petitioner time to submit

additional evidence. When this evidence was not received, the hearing officer denied the appeal based on his finding that petitioner had not shown good cause for failing to timely appeal the September 24, 2009, denial of reconsideration. Petitioner filed a timely appeal to the three-member Board, which affirmed the hearing officer's decision. Petitioner now seeks review from this court.

## Discussion

Because petitioner is proceeding pro se, her brief is entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). She contends that her evidence was sufficient to show good cause for her late appeal.

*Abbruzzese v. Railroad Retirement Board*, 63 F.3d 972 (10th Cir. 1995), is dispositive. The petitioner in *Abbruzzese*, like the petitioner in this case, sought relief even though he did not timely appeal the initial order of the hearing officer. *See id.* at 973. Although we recognized that judicial review is specifically available "of final decisions of the Board regarding the initial denial of an employee's claim for benefits," pursuant to 45 U.S.C. § 355(f), we held that "the statute does not provide for judicial review of the Board's denial of a request to reopen a case." *Id.* at 974. Unless the petitioner raises a constitutional question relative to the refusal to reopen, "we are without subject matter jurisdiction to review a decision by the Board not to reopen a case." *Id.* Petitioner's appellate brief does not assert any constitutional claims. Therefore, we must dismiss her petition for review for lack of subject matter jurisdiction. *Id.*

**Conclusion**

The petition for review is DISMISSED. Petitioner's motion to proceed IFP is GRANTED.

Entered for the Court


Mary Beck Briscoe
Chief Judge