**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-2169**

───────────

ARTHUR LEE HAIRSTON, SR.,

        Petitioner,

     v.

RAILROAD RETIREMENT BOARD,

        Respondent.

───────────

On Petition for Review of an Order of the Railroad Retirement Board. (21-AP-0013)

───────────

Submitted:  July 18, 2023                         Decided:  July 26, 2023

───────────

Before KING, RICHARDSON, and HEYTENS, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Arthur Lee Hairston, Sr., Petitioner Pro Se. Eunice Chung Kirk, UNITED STATES RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Lee Hairston, Sr., seeks review of the Railroad Retirement Board's ("RRB") decision affirming the hearings officer's determination that Hairston does not have the service credits required for eligibility for an annuity. Hairston argues that the 2001 amendments to the Railroad Retirement Act ("RRA"), 45 U.S.C. § 231a, lowering the service requirements for certain retirees but not others violated his right to equal protection. In addition, he asserts that the hearings officer's failure to hold a hearing was a violation of his due process. We deny the petition for review.

Prior to 2001, the RRA stated that individuals were entitled to an annuity if, among other things, they had ten years of service. In 2001, Congress enacted The Railroad Retirement and Survivor's Improvement Act of 2001 ("RRSIA"), P.L. 107-90, § 103, which amended the RRA and provided that a railroad employee with less than 10 years of service, but at least 5 years of service after December 31, 1995, was eligible for an annuity. Hairston had 60 months of service between 1977 and 1988, and he asserts that the differing service requirements are unconstitutional.

Discrimination against workers who do not have five years of service after 1995 is not based on a characteristic such as race or sex that would trigger strict or heightened judicial scrutiny. *Burns v. U.S. R.R. Ret. Bd.*, 701 F.2d 193, 199 (D.C. Cir. 1983). Thus, as Hairston acknowledges, the "rational basis" criteria applies, and accordingly, there is a "significant presumption of constitutionality." *See id.* As such, our inquiry ends if there are "plausible reasons" for Congress's actions. *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980); *see also Mathews v. Diaz*, 426 U.S. 67, 83–84 (1976) (holding that the "task

2

of classifying persons for . . . benefits . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line").

Here, the RRSIA increased retirement and disability benefits for employees and their spouses. It also overhauled how such benefits are financed. The statute was based on a joint recommendation negotiated by a coalition of rail labor organizations and rail freight carriers. Presumably then, Congress sought to increase benefits while keeping the program solvent. No benefits, including Hairston's, were reduced. Instead, certain nonretroactive increases were made to retirement benefits for current or recent employees. We can surmise that such was done, at least in part, to make these jobs more appealing and to increase recruitment and retention. To do the same for employees who had not recently worked for a railroad would arguably be cost prohibitive and not meet the presumed goals of recruitment and retention. Given that these reasons are plausible, Hairston's equal protection claim is without merit. *See Fritz*, 449 U.S. at 179 (noting that it is irrelevant whether the "plausible reasons" are the actual legislative intent).

Hairston next argues that the RRB's failure to hold a hearing denied him due process. However, Hairston did not and does not challenge the RRB's factual findings regarding his service computation. Thus, the only issues before the RRB were whether his service credits were sufficient to render him eligible for an annuity and whether the relevant statute violated his rights to equal protection. Because these are strictly questions of law that were, in fact, considered by all tiers of administrative review, Hairston received all the

3

process to which he was entitled. *See Steebe v. U.S. R.R. Ret. Bd.*, 708 F.2d 250, 258 (7th Cir. 1983).

Accordingly, we deny the petition for review. We grant the RRB's motion to seal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*