46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Clifford H. TIVEY and Anne Kathleen Tivey, Petitioners,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 94-1851.
 United States Court of Appeals,
First Circuit.
 Jan. 31, 1995.
 
 ON PETITION TO REVIEW A DECISION OF THE U.S. RAILROAD RETIREMENT BOARD
 John J. Ford on brief for petitioners.
 Catherine C. Cook, General Counsel, Steven A. Bartholow, Deputy General Counsel, Thomas W. Sadler, Assistant General Counsel, and Patricia A. Marshall, General Attorney, on brief for respondent.
 U.S. R.R. Retirement Bd.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Clifford H. Tivey appeals the decision of the Railroad Retirement Board [the Board] that he was entitled only to a retirement annuity beginning six months before the date of his application filed November 12, 1986. See 45 U.S.C. Sec. 231d(a)(iii) (limiting the beginning of an annuity to "the first day of the sixth month before the month in which the application was filed"). We affirm.
 
 
 2
 We have reviewed carefully the record in this case and the briefs of the parties. Essentially for the reasons given in the decision of the hearing officer, dated April 13, 1992, we find that substantial evidence supports the Board's determination that Tivey did not file an application for an annuity under the Railroad Retirement Act prior to November 12, 1986. See Andrews v. Railroad Retirement Bd., 595 F.2d 676, 681 (D.C. Cir. 1978) (findings of Board must be upheld if supported by substantial evidence).
 
 
 3
 Moreover, even if we assume arguendo that Tivey did file an application for an annuity in 1978, we find no abuse of discretion in the Board's refusal to reopen in this instance.[1] The record indicates that subsequent to Tivey's filing in 1978 and his learning that the Board had declared him ineligible for an annuity, Tivey waited until 1990 before filing documents which supported his claim of eligibility. In the absence of due diligence on Tivey's part in prosecuting his claim, we find no abuse of discretion in the Board's failure to reopen his case back to 1978. See Clifford v. U.S. R.R. Retirement Bd., 3 F.3d 536, 538-39 (1st Cir. 1993).
 
 
 4
 Finally, we find no error in the Board's decision not to grant Tivey a hearing to establish the filing date of his application for an annuity.
 
 
 5
 Affirmed.
 
 
 
 [1]
 We also assume arguendo that we have jurisdiction over a Board's refusal to reopen a case. See Clifford v. U.S. R.R. Retirement Bd., 3 F.3d 536, 538 (1st Cir. 1993) (assuming but not deciding that the court has jurisdiction over the Board's refusal to reopen a case)