USCA1 Opinion

 

 January 31, 1995 [NOT FOR PUBLICATION] UNTED STATES OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1851 CLIFFORD H. TIVEY AND ANNE KATHLEEN TIVEY, Petitioners, v. RAILROAD RETIREMENT BOARD, Respondent. ____________________ ON PETITION TO REVIEW A DECISION OF THE U.S. RAILROAD RETIREMENT BOARD ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ John J. Ford on brief for petitioners. ____________ Catherine C. Cook, General Counsel, Steven A. Bartholow, Deputy __________________ ___________________ General Counsel, Thomas W. Sadler, Assistant General Counsel, and __________________ Patricia A. Marshall, General Attorney, on brief for respondent. ____________________ ____________________ ____________________ Per Curiam. Petitioner Clifford H. Tivey appeals the __________ decision of the Railroad Retirement Board [the Board] that he was entitled only to a retirement annuity beginning six months before the date of his application filed November 12, 1986. See 45 U.S.C. 231d(a) (iii) (limiting the beginning ___ of an annuity to "the first day of the sixth month before the month in which the application was filed"). We affirm. We have reviewed carefully the record in this case and the briefs of the parties. Essentially for the reasons given in the decision of the hearing officer, dated April 13, 1992, we find that substantial evidence supports the Board's determination that Tivey did not file an application for an annuity under the Railroad Retirement Act prior to November 12, 1986. See Andrews v. Railroad Retirement Bd., 595 F.2d ___ _______ ______________________ 676, 681 (D.C. Cir. 1978) (findings of Board must be upheld if supported by substantial evidence). Moreover, even if we assume arguendo that Tivey did file ________ an application for an annuity in 1978, we find no abuse of discretion in the Board's refusal to reopen in this instance.1 The record indicates that subsequent to Tivey's filing in 1978 and his learning that the Board had declared him ineligible for an annuity, Tivey waited until 1990 before  ____________________ 1. We also assume arguendo that we have jurisdiction over a ________ Board's refusal to reopen a case. See Clifford v. U.S. R.R. ___ ________ _________ Retirement Bd., 3 F.3d 536, 538 (1st Cir. 1993) (assuming but _____________ not deciding that the court has jurisdiction over the Board's refusal to reopen a case) filing documents which supported his claim of eligibility. In the absence of due diligence on Tivey's part in prosecuting his claim, we find no abuse of discretion in the Board's failure to reopen his case back to 1978. See ___ Clifford v. U.S. R.R. Retirement Bd., 3 F.3d 536, 538-39 (1st ________ _______________________ Cir. 1993). Finally, we find no error in the Board's decision not to grant Tivey a hearing to establish the filing date of his application for an annuity. Affirmed. ________ -3-