Vanessa HALL, as Guardian ad litem
for To'Marlo and La'Ketta Hall,
Plaintiff–Appellant,

v.

Shirley S. CHATER, Commissioner
of Social Security, Defendant–
Appellee.

No. 94–2356.

United States Court of Appeals,
Fourth Circuit.

Argued April 4, 1995.

Decided May 9, 1995.

**ARGUED:** George Lawrence Fitzgerald, Charlotte, NC, for appellant. James Michael Sullivan, Asst. U.S. Atty., Charlotte, NC, for appellee. **ON BRIEF:** Mark T. Calloway, U.S. Atty., Charlotte, NC, for appellee.

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge PHILLIPS wrote the opinion, in which Judge WILKINS and Judge MICHAEL joined.

## OPINION

PHILLIPS, Senior Circuit Judge:

Vanessa Hall challenges the district court's Rule 12(b)(6) dismissal of her action in which she sought judicial review of the Secretary of Health and Human Services' (Secretary) decision * denying her daughters surviving child's insurance benefits under the Social Security Act. We agree with the district court that it lacked subject matter jurisdiction to review the Secretary's decision. Accordingly, we affirm.

### I.

On September 9, 1983, Vanessa Hall applied for social security insurance benefits on behalf of her five children. Under the Social Security Act (Act), the children were eligible to receive these benefits only if wage earner John E. Massey, Jr. were determined to be their father. On June 21, 1985, the Secretary notified Hall that only two of her five children were entitled to benefits under the Act. Hall's three youngest children, including her twin daughters, To'Marlo and La'Ketta, were denied benefits.

On May 1, 1989, within four years of the notice of denial, Hall submitted a statement in Massey's handwriting to the Secretary for consideration. The Secretary treated the submission as a request to reopen the 1985 determination. On October 12, 1990, the Secretary denied the request, stating that the statement had been considered in its initial determination.

On March 3, 1992, Hall filed a second application for benefits on behalf of her twin daughters. With this application, she submitted Massey's 1982 state and federal tax forms in which Massey had claimed the two

---

* On March 31, 1995, the Social Security Administration was separated from the Department of Health and Human Services and became an autonomous agency. Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296 § 106(d)(2), 108 Stat. 1464, 1477 (1994). As of that date, Shirley S. Chater, Commissioner of Social Security was substituted for Donna E. Shalala, Secretary of Health and Human Services as the defendant in this action. Because all the events relevant to this action occurred prior to this change, however, we will refer to the Secretary throughout this opinion.

daughters as dependents. On June 10, 1992, the Secretary determined that the claimants had proved the requisite paternal relationship and were entitled to benefits dating back to September 1991 on the basis of the 1992 application. Hall, however, was dissatisfied with this ruling, apparently considering that her claim should have been allowed for benefits running back to the date of her initial application. Accordingly, she filed for reconsideration of the June 10, 1992 determination. The Secretary treated this motion as a request for reopening of the 1985 determination and denied the request, noting that the tax forms had not been submitted within four years of the 1985 decision, as required by 20 C.F.R. § 404.988.

Hall then filed a request for rehearing, which was granted. On May 17, 1993, an Administrative Law Judge (ALJ) expressly reopened the June 21, 1985 determination and found that Hall's daughters were entitled to retroactive benefits dating back to the initial application. The ALJ based this determination on a letter in Massey's handwriting, which the ALJ found had been first submitted on May 1, 1989. The ALJ further found that the handwritten letter had not been considered when the Secretary initially refused to reopen the case in 1990.

On its own motion, the Appeals Council reviewed the ALJ's decision and concluded that the ALJ had erroneously reopened the 1985 determination. Contrary to the ALJ's finding, the Appeals Council found that Hall had first submitted the handwritten letter of Massey's on May 12, 1992, outside the four-year statutory period in which a determination may be reopened. The Appeals Council also noted that even if the letter had been submitted earlier, it did not contain the name of either To'Marlo or La'Ketta and had not been signed by Massey. The Council therefore concluded that good cause to reopen the 1985 determination did not exist.

Hall then filed this action in federal district court, seeking judicial review of the Secretary's decision. Relying on *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the magistrate judge recommended to the district court that the action be dismissed for lack of subject matter jurisdiction. The district court adopted the magistrate's recommendation and dismissed the action.

This appeal followed.

## II.

■■ Hall contends that the district court had subject matter jurisdiction to review her complaint. We disagree.

Section 405(g) of Title 42 allows a federal district court to review "any final decision of the Secretary made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g). Under § 405(h), judicial review is limited to the powers provided in § 405(g). 42 U.S.C. § 405(h). In *Califano v. Sanders,* 430 U.S. 99, 102, 97 S.Ct. 980, 982, 51 L.Ed.2d 192 (1977), the Supreme Court held that neither the Administrative Procedure Act nor 42 U.S.C. § 405(g) confers subject matter jurisdiction on federal courts to review the Secretary's refusal to reopen a prior determination.

In *McGowen v. Harris,* 666 F.2d 60 (4th Cir.1981), we held that under the *Sanders* principle jurisdiction to review exists when, even though the Secretary has purported to rest denial of reopening on principles of administrative res judicata, a review of the record discloses that the merits of the claim actually have been reconsidered. Under these limited circumstances, the claim is "properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989." *Id.* at 65.

■■ The relevant question here, therefore, is whether the Secretary, though purporting to deny reopening on grounds of administrative res judicata, actually reopened the initial determination for reconsideration on the merits. Pointing to language in *McGowen* to the effect that jurisdiction to review exists whenever the determination has in fact been reopened "at any administrative level," *id.,* Hall notes that here the ALJ did explicitly reopen the initial determination. Hence, she contends, the district court had subject matter jurisdiction under *McGowen*'s rule. We disagree. Hall misconstrues the import of the *McGowen* passage. The reference to the

possibility that jurisdiction-conferring administrative reopening might occur "at any administrative level" simply took into account that because Appeals Council review is discretionary, some lower level administrative decisions may operate as "final" reviewable decisions of the Secretary. *See* 20 C.F.R. § 404.981. But a district court has jurisdiction to review only the Secretary's final decision, and when, as here, that is the decision of the Appeals Council, it is to that decision the court must look to determine whether under *McGowen*'s rule it involved an actual reopening of an earlier determination. *See Johnson v. Sullivan*, 936 F.2d 974, 975–76 & n. 3 (7th Cir.1991).

Looking to the decision of the Appeals Council here, it is clear that the Council did not either explicitly or implicitly reopen the case to reconsider the merits of the 1985 determination. As we stated in *McGowen*, the Secretary must be afforded some leeway in making a decision whether to reopen, so that it may "in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim." *McGowen*, 666 F.2d at 67. The Appeals Council, hence the Secretary here, engaged in no more than this simple inquiry. Accordingly, the district court did not have jurisdiction to review the Secretary's decision and we affirm its dismissal of the action.

*AFFIRMED.*