**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT W. SHORT, JR.,
Petitioner,

v.                                                              No. 95-2502

U.S. RAILROAD RETIREMENT BOARD,
Respondent.

On Petition for Review of an Order
of the Railroad Retirement Board.
(A-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)

Submitted: May 14, 1996

Decided: September 5, 1996

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Barbara von Euler, KATHLEEN SHANNON GLANCY, P.A., Wilmington, North Carolina, for Appellant. Catherine C. Cook, General Counsel, Steven A. Bartholow, Deputy General Counsel, Thomas W. Sadler, Assistant General Counsel, Rachel L. Simmons, General Attorney, RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Robert Short appeals a decision of the Railroad Retirement Board upholding a hearing officer's order denying Short's application for benefits and a decision declining to reopen the matter for the admission of new evidence. We affirm in part and dismiss in part.

Short worked as a railroad laborer for many years until a back injury and resultant surgical intervention prevented him from doing further heavy labor. Short worked for a while thereafter as a houseman in a hotel, but he has not worked in the recent past. Short complains that he continues to suffer from the effects of the back injury and cannot perform any sort of labor because of his physical affliction, low mental abilities, and lack of fine movement dexterity.

Short first complains specifically that the evidence does not support the finding that he could perform light work. The hearing officer before whom this cause initially was presented found that Short could perform "light work" as defined in the applicable regulations. We will affirm that decision if it is supported by substantial evidence. See 45 U.S.C.A. § 355(f) (West 1986 & Supp. 1995) (standard of review); 20 C.F.R. § 225.132(b) (1996) (definition of light work). That is, we inquire only whether the decision is supported by "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Evidence before the hearing officer revealed that Short could lift or carry fifty pounds occasionally and frequently lift and carry twenty-five pounds. This evidence was corroborated by Short's work as a houseman. Further, the written medical evidence supported such a finding. Thus, we find no basis on which to reverse the hearing officer's decision in this regard.

Short complains second that he could not return to his past work as a houseman, as found by the hearing officer, because that work was, in fact, "medium work." First, we find that the evidence produced at the hearing supports the hearing officer's decision that Short's former work as a houseman was "light work" to which he could return. Second, we find that, even if the past work was "medium work," the evidence shows that Short could perform light work and that such jobs were present in the applicable region (see below). Thus, we find that Short's contention, even if correct, provides no basis to reverse the order denying benefits, because it would not have altered the ultimate decision. See 20 C.F.R.§ 220.100(b)(5) (1996) (detailing the final step of inquiry surrounding benefit awards).

Short complains third that he had no residual ability to perform other work. He contends his low mental abilities, lack of fine dexterity, and limitations on his physical capacity as accepted by the hearing officer undermine that officer's decision that there existed in the pertinent region other jobs that Short could perform. The contention is meritless. Notwithstanding his accepted impairments, the evidence amply supported the hearing officer's decision. The evidence showed that there existed jobs not inconsistent with the reaching limitations from which Short suffers and that could be performed without the need for a high level of education or cognitive abilities. The evidence showed that Short could maintain a proper work attitude and concentration, and that Short had, in fact, done so. Thus, we find no deficiency in the hearing officer's decision that would support reversal of her decision. We affirm the hearing officer's factual findings and the legal conclusions to which she came on those facts.

Short next complains that the Board refused to consider proper evidence on his motion to reopen the proceedings nearly one year after the final determination denying benefits. Short requests that we order the Board to consider the evidence on remand. We may do so only if we find that the initial determination is flawed. 45 U.S.C. § 355(c) (West 1986 & Supp. 1995). However, because we have found no such flaw, Short's request cannot be granted. Were we to do so, we would be reviewing the Board's determination not to reopen the matter, and we are without jurisdiction to do so. See 45 U.S.C.A. § 355(c), (f); Steebe v. United States R. Retirement Bd., 708 F.2d 250, 254-55 (7th Cir.), cert. denied, 464 U.S. 997 19983); cf. Hall v. Chater, 52 F.3d

3

518, 520 (4th Cir. 1995) (regarding review of Social Security Administration's decisions not to reopen cases). Further, we find that, even if we had such jurisdiction, see Clifford v. United States R. Retirement Bd., 3 F.3d 536, 538 (1st Cir. 1993) (reopening orders reviewable for abuse of discretion), the Board did not abuse its discretion. The material Short wanted the Board to consider in reopening his case did not overwhelm the evidence to the contrary that was before the hearing officer, it was new evidence, and it was available for Short's use in a new proceeding that the Board invited him to begin if he believed the evidence showed changed circumstances. This decision was not an abuse of discretion. Therefore, we dismiss this portion of the appeal.

We affirm the administrative order with regard to its substance. We dismiss the appeal with regard to the Board's order denying Short's motion to reopen the proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

4