**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES E. COOPER,
Plaintiff-Appellant,

v.

No. 95-2830

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Mary S. Feinberg, Magistrate Judge.
(CA-94-911-5)

Submitted: October 22, 1996

Decided: November 21, 1996

Before ERVIN, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Belinda S. Morton, Fayetteville, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant
United States Attorney, Arthur J. Fried, General Counsel, Randolph
W. Gaines, Acting Principal Deputy General Counsel, A. George
Lowe, Acting Associate General Counsel, George G. Davidson,
Office of the General Counsel, SOCIAL SECURITY ADMINISTRA-
TION, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles S. Cooper challenges the magistrate judge's Fed. R. Civ. P. 12(b)(6) dismissal of his action seeking judicial review of the Secretary of Health and Human Services' (the Secretary) decision[1] denying his implied request to reopen his prior claim for disability insurance benefits under Title II of the Social Security Act. We agree with the magistrate judge that the district court [2] lacked subject matter jurisdiction to review the Secretary's decision. Accordingly, we affirm.

Cooper filed his initial application for Social Security Disability Insurance Benefits on December 23, 1987, alleging onset of disability in April 1985. An administrative law judge (ALJ) determined that Cooper was not disabled from his alleged onset through the date of the decision. After the Appeals Council denied review, Cooper appealed to the district court, which affirmed the decision on March 30, 1990.

Cooper filed a second application on January 31, 1992, alleging an onset of disability on June 1, 1985. After a hearing before an ALJ, Cooper's onset of disability was determined to begin on January 25,

_____

[1] On March 31, 1995, the Social Security Administration was separated from the Department of Health and Human Services and became an autonomous agency. Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, § 106(d)(2), 108 Stat. 1464, 1477. As of that date, Shirley S. Chater, Commissioner of Social Security, was substituted for Donna E. Shalala, Secretary of Health and Human Services, as the Defendant in this action. Because all the events relevant to this action occurred prior to this change, however, we will refer to the Secretary throughout this opinion.

[2] The parties consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c)(1) (1994).

2

1989. The application was partially dismissed, however, due to administrative res judicata with respect to the issue of disability prior to January 25, 1989, because a prior final administrative and judicial determination had been rendered on the same facts and issues. See 20 C.F.R. § 404.957(c)(1) (1993). The partial dismissal order stated that it would be improper to reopen the prior final administrative and judicial determination because the ALJ did not find new and material evidence constituting good cause to reopen with respect to the prior period. See 20 C.F.R. § 404.988 (1993). The Appeals Council denied review of this partial dismissal on October 5, 1994. On appeal, the magistrate judge affirmed the dismissal, concluding that the Secretary's application of res judicata was appropriate. Therefore, the district court was without jurisdiction to review the Secretary's decision not to reopen Cooper's prior claim. This appeal followed.

Cooper contends that the application of res judicata was inappropriate. The Secretary alleges that the district court properly found it lacked subject matter jurisdiction to review the Secretary's refusal to reopen Cooper's earlier disability application. We agree with the Secretary.

Cooper alleges that because his first application alleges onset of disability in April 1985 and his second application alleges onset of disability in June 1985, res judicata bar of the second application is inappropriate. Because the denial of Cooper's disability for the period April 1985 to January 25, 1989, necessarily included the period from June 1985 to January 25, 1989, the district court properly found that the ALJ appropriately applied administrative res judicata to the second application. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (holding that "[r]es judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action"); Aliff v. Joy Mfg. Co., 91 F.2d 39, 43-44 (4th Cir. 1990) (noting that claims precluded by res judicata include those that existed at the time of the first suit and might have been offered in the same cause of action).

A federal district court may review "any final decision of the Commissioner of Social Security [previously Secretary] made after a hearing to which [the claimant] was a party." 42 U.S.C.A. § 405(g) (West Supp. 1996). Judicial review is limited to the powers provided in

3

§ 405(g). <u>See</u> 42 U.S.C.A. § 405(h) (West Supp. 1996). In <u>Califano v. Sanders</u>, 430 U.S. 99, 105-08 (1977), the Supreme Court held that neither the Administrative Procedure Act nor § 405(g) confers subject matter jurisdiction on federal courts to review the Secretary's refusal to reopen a prior determination. We have held that, under the <u>Sanders</u> principle, jurisdiction to review exists when, even though the Secretary has purported to rest denial of reopening on principles of administrative res judicata, a review of the record discloses that the merits of the claim actually have been reconsidered. <u>McGowen v. Harris</u>, 666 F.2d 60, 65-66 (4th Cir. 1981). Under these limited circumstances, the claim is "properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989." <u>Id.</u> at 65.

The relevant question here, therefore, is whether the Secretary, though purporting to deny reopening on grounds of administrative res judicata, actually reopened the initial determination for reconsideration on the merits.

Looking at the decision of the ALJ, it is clear that the Secretary did not either explicitly or implicitly reopen the case to reconsider the merits of the first determination. "As we stated in <u>McGowen</u>, the Secretary must be afforded some leeway in making a decision whether to reopen, so that it may `in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim.'" <u>Hall v. Chater</u>, 52 F.3d 518, 521 (4th Cir. 1995) (quoting <u>McGowen</u>, 666 F.2d at 67). The ALJ, hence the Secretary here, engaged in no more than this simple inquiry. Accordingly, the district court did not have jurisdiction to review the Secretary's decision and we affirm its dismissal of the action.

We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

<u>AFFIRMED</u>

4