**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM C. HUGHES,
Plaintiff-Appellant,

v.

No. 95-3033

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Dennis W. Shedd, District Judge.
(CA-94-1245-8-19AJ)

Submitted: May 20, 1997

Decided: June 5, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. Jeff McLeod, Anderson, South Carolina, for Appellant. Arthur J.
Fried, General Counsel, Charlotte J. Hardnett, Deputy General Coun-
sel, A. George Lowe, Acting Associate General Counsel for Litiga-
tion, John M. Sacchetti, Acting Chief, Retirement, Survivors and
Supplemental Assistance Litigation Branch, Alan S. Frank, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William C. Hughes sought judicial review of the Commissioner of Social Security's ("Commissioner") decision not to reopen his prior applications for benefits under Titles II and XVI of the Social Security Act ("the Act"). He now appeals the district court's dismissal of his action for lack of subject matter jurisdiction to review the Commissioner's decision. Finding that Hughes failed to state a claim upon which relief could be granted, we affirm.

In September 1987, Hughes concurrently filed his first applications for Supplemental Security Income [SSI] and Disability Insurance Benefits, alleging that he had suffered from a deteriorating disc in his back since July 1983. These claims were initially denied in November 1987, and upon reconsideration in March 1988. Thereafter, Hughes brought these claims before an administrative law judge ("ALJ") in September 1988. Prior to the hearing, Hughes was informed of his legal right to have counsel present at the hearing. He was given information on how to obtain counsel, along with a list of organizations willing to provide legal services at a reduced rate or at no cost at all. Hughes did not obtain legal counsel and proceeded pro se. Hughes's wife was also present at the hearing.

In February 1989, the ALJ rendered a decision finding that Hughes was not disabled on or before December 31, 1985, [1] that Hughes was not entitled to Supplemental Security Income because he was not disabled and that the psychiatric review revealed no medically-determinable impairment. Hughes was notified of his right to request an Appeals Council's review of this decision. He declined to seek review, making the ALJ's decision final and binding on the Commissioner.

_____

[1] December 31, 1985, was the last date that Hughes met the insured requirements for entitlement to disability insurance benefits.

2

In January 1990, Hughes filed a second application for SSI bene-fits, this time alleging a back impairment. This claim was initially denied in March 1990, and upon reconsideration in May 1990. At Hughes's request, a hearing was held before an ALJ in August 1990. Hughes and his wife were present without legal representation. In September 1990, the ALJ found that Hughes was not disabled and that there was no evidence of a medically-determinable emotional or mental impairment. Although Hughes did not have legal representa-tion at this stage of the proceedings, he submitted additional medical evidence and requested Appeals Council review of the ALJ's deci-sion. The Appeals Council considered the additional evidence, but denied review. Accordingly, the ALJ's September 1990 decision became final and binding upon the Commissioner.

In March 1992, Hughes protectively filed a third application for SSI benefits, alleging disability due to nerves and a deteriorating disc. This claim was initially denied in May and upon reconsideration in October 1992. Again, Hughes requested an ALJ hearing. At the hear-ing, held in June 1993, Hughes was represented by counsel. The ALJ's decision, dated July 23, 1993, found that Hughes had been dis-abled since March 20, 1992. The ALJ based this decision on Hughes's combination of physical and emotional problems, coupled with his recent treatment for depression. The ALJ further found that no new evidence had been presented that would warrant reopening Hughes's prior applications.

In September 1993, Hughes, through counsel, requested review by the Appeals Council. He submitted additional medical evidence and a brief in support of his request to reopen his first two applications for benefits. The Appeals Council denied review of the ALJ's July 1993 decision because it was decided in Hughes's favor, and refused to reopen Hughes's prior applications because the first application could not be reopened since more than four years had passed since the date of its initial denial (November 1987), and there was no new and material evidence that would warrant reopening the second applica-tion. Further, the Appeals Council rejected Hughes's mental incompe-tence claims because he had pursued his first claim to the ALJ hearing level and the second claim to the Appeals Council, all without the benefit of legal counsel. The Appeals Council ruled that the March

3

1990 order was the final decision disposing of Hughes's second application for benefits.

Hughes commenced this action in federal district court seeking judicial review of the Commissioner's decision. He claimed that he was entitled to have his initial application for Disability Insurance Benefits reopened because he was denied due process during the evidentiary hearing before the ALJ. To support this claim, Hughes alleged that he established a prima facie case that he was suffering from a mental impairment at the time of the hearing. Hughes also claimed that the Commissioner's decision not to reopen his second application was not supported by substantial evidence.

Relying on Califano v. Sanders, 430 U.S. 99 (1977), the magistrate judge recommended that the action be dismissed for lack of subject matter jurisdiction. The district court agreed and dismissed the action. Hughes appeals, claiming that the district court had subject matter jurisdiction to judicially review the Commissioner's decision not to reopen his prior claim, that he suffered a due process violation as a result of the Appeals Council's decision not to reopen his prior applications, and that the Appeals Council's investigation into his prior claims constituted a constructive reopening of those prior applications. We disagree.

A federal district court has limited authority to review "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party . . .," 42 U.S.C. § 405(g) (1994), and neither the Administrative Procedure Act nor§ 405(g) confers subject matter jurisdiction on federal courts to review the Commissioner's refusal to reopen a prior determination. See Sanders, 430 U.S. at 108. We agree with the district court that it lacked subject matter jurisdiction over Hughes's claims under § 405(g). But Hughes seeks on appeal to justify his action under two narrow exceptions to the district court's lack of jurisdiction. These exceptions occur when a claimant raises a colorable claim of unconstitutionality, see Young v. Bowen, 858 F.2d 951, 954 (4th Cir. 1988), and when the Commissioner, in denying a petition to reopen an earlier application, actually addresses the merits of the claim, thereby constructively reopening the prior application. See McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981).

4

Hughes urges on appeal that the Commissioner's refusal to reopen his initial application for disability benefits violates his constitutional due process rights.**2** To support his due process claim, Hughes asserts that at the time of the hearing he was mentally incompetent, proceeding without the aid of legal representation, and that the ALJ did not conduct the hearing in accord with established precedent in this circuit. See Shrader v. Harris, 631 F.2d 297, 301-02 (4th Cir. 1980) ("an adverse determination made in an ex parte proceeding involving a claimant who lacked mental competence to pursue an administrative appeal could not be accorded res judicata . . . without violating the claimant's right to due process.").

When presented with prima facie proof that mental illness prevented the claimant from understanding the necessary procedure to obtain an evidentiary hearing after the denial of his prior pro se claim, the Commissioner is obliged to either conduct an evidentiary hearing to rebut the prima facie case or reconsider the prior claim on the merits. See Shrader, 631 F.2d at 302.

Our review of the evidence before the Commissioner discloses that the Commissioner was not obliged to either conduct an evidentiary hearing to rebut the evidence of mental incompetency or to reconsider the prior claim on the merits. The medical evidence submitted by Hughes fails to establish prima facie proof that he suffered from a mental illness when he submitted his initial application for Disability Insurance Benefits or that his mental illness prevented him from pursuing an administrative appeal following the denial of his claim. Although Hughes's due process claim stated a colorable constitutional claim, it was clearly without merit. Accordingly, we cannot say that the district court erred in dismissing this claim. However, this claim was not so patently frivolous as to deprive the district court of jurisdiction. See Bell v. Hood, 327 U.S. 678, 682-85 (1946). Therefore, we find that the district court should have dismissed this claim for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and we affirm on that basis. See Boock v. Shalala, 48 F.3d 348, 353 (8th Cir. 1995).

_____

**2** On appeal, Hughes is only contesting the Commissioner's decision denying his petition to reopen his initial application for disability benefits, which became final February 3, 1989.

Finally, Hughes asserts that the Commissioner, in denying his petition to reopen his initial application, constructively reopened that application by reviewing it on the merits. We do not agree.

The Commissioner "must be afforded some leeway in making a decision whether to reopen, so that it may `in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim.'" Hall v. Chater, 52 F.3d 518, 521 (4th Cir. 1995) (quoting McGowen, 666 F.2d at 67). Here, there is no indication that the Commissioner ever addressed the merits of Hughes's initial claim in denying his petition to reopen. Instead, the Appeals Council simply found that more than four years had elapsed since the denial of that claim. Because the Commissioner engaged in no more than a simple inquiry to determine if the facts presented warranted reopening Hughes's initial application and never reached the merits of that application, jurisdiction over that decision cannot be based on a theory of constructive reopening. Thus, this claim is meritless.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6