**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1335**

APRIL M. FISKE,

             Plaintiff - Appellant,

        v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:09-cv-00564-D)

Submitted:  December 22, 2011        Decided:  January 6, 2012

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Lee Davis, III, Lumberton, North Carolina, for Appellant.  Thomas Walker, United States Attorney, Robert Crowe, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

April McCarty Fiske appeals the district court's order affirming the Commissioner of Social Security's denial of her application for disability insurance benefits. We must uphold the decision to deny benefits if the decision is supported by substantial evidence and the correct law was applied. 42 U.S.C. § 405(g) (2006); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson, 434 F.3d at 653 (internal quotation marks omitted). This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Id. We affirm.

Fiske asserts that her initial claim was reopened by the August 2006 decision of the administrative law judge ("ALJ"). She argues that, if a claim is reconsidered on the merits at any administrative level and has in fact been reopened at any administrative level, the claim is subject to judicial review. Fiske argues that the Commissioner actually or constructively reopened the prior decision and that the Appeals Council therefore erred in applying res judicata.

2

"The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h) (2006). Accordingly, res judicata applies when a "previous [disability] determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1) (2011). The Commissioner may elect to reopen a prior decision, 20 C.F.R. §§ 404.987, 988 (2011), but this decision is not reviewable. See Culbertson v. Sec'y of Health & Human Servs., 859 F.2d 319, 322 (4th Cir. 1988) ("When deciding whether to reopen or to reconsider his own administrative determinations, the Secretary enjoys broad discretion, which is generally not subject to judicial review.").

Here, the Appeals Council determined that res judicata barred a finding of disability during the period at issue in Fiske's prior disability application.[1] The Council's inquiry into the ALJ's decision and evidence concerning this period does not constructively reopen the claim. See Hall v. Chater, 52 F.3d 518, 521 (4th Cir. 1995) (holding that Appeals Council did not explicitly or implicitly reopen case and stating that Appeals Council must be afforded opportunity to look far enough

---

[1] Because the Commissioner's final decision was that Fiske was never disabled, medical improvement was not in issue and we need not reach Fiske's argument on this point.

3

into record to determine whether res judicata applies). Because the Commissioner's decision not to reopen Fiske's prior claim is not subject to judicial review, res judicata bars reconsideration of that claim.

Next, Fiske argues that the Commissioner's conclusion that she is not disabled is not supported by substantial evidence. She contends that the ALJ did not give adequate consideration to the medical evidence provided by her treating physician, that the ALJ failed to cite or refer to medical evidence in support of his residual functional capacity finding, and that the ALJ failed to consider the effects of her medical treatment, the side effects from her medications, as well as her complaints of pain and other symptoms.

Fiske bears the burden of proving that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5) (2006); English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). The Commissioner uses a five-step process to evaluate a disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2011). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in

4

the national economy. Id. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Although Fiske argues that the ALJ failed to afford the opinion of her treating physician controlling weight, she has failed to identify any opinion contrary to the ALJ's conclusion.[2] See Fed. R. App. P. 28(a)(9) (requiring that appellant's brief contain "contentions and reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). To the extent Fiske argues the ALJ failed to give sufficient weight to Dr. Strahl's opinion, the argument is without merit. Although Dr. Strahl opined that Fiske met a listed impairment between 2000 and 2003, the Commissioner was not required to accept his opinion. See 20 C.F.R. § 404.1527(f)(2)(iii), (f)(3) (2011). In any event, the period from 2000 to 2003 is outside the time period relevant in this case. With reference to the relevant time period, Dr.

---

[2] The only physician Fiske names apart from Dr. Strahl is Dr. John Roberts, who saw Fiske briefly during her hospitalization in 2000. While under Dr. Roberts' care, Fiske improved "dramatically" and her affect was "brighter."

Strahl indicated Fiske could work. The Commissioner's decision gave considerable weight to Dr. Strahl's opinion within the relevant time inasmuch as the residual functional capacity finding mirrors Dr. Strahl's testimony.

Fiske contends that the ALJ's residual functional capacity assessment does not cite or refer to medical evidence to support his finding. Fiske is mistaken. The ALJ reviewed treatment notes tracking Fiske's progress from March 2003 through February 2006. Moreover, the ALJ considered the testimony of Dr. Stahl, who reviewed Fiske's medical records, listened to her testimony, and opined that Fiske was stable and could work with some limitations.

Lastly, Fiske argues that the ALJ failed to consider the side effects from her medications as well as her complaints of pain and other symptoms. Fiske did not mention any limiting pain in her disability application or during the hearing, and her brief fails to identify the evidence the ALJ failed to consider with any specificity.

Based on the foregoing, we conclude that substantial evidence supports the agency decision, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented

6

in the materials before the court and argument would not aid the decisional process.

AFFIRMED